[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2005
THOMAS K. KAHN
CLERK

No. 05-13641
Non-Argument Calendar

_____

D. C. Docket No. 03-00226-CV-CAR-5

GEORGIA FARM BUREAU MUTUAL INSURANCE CO.,
GEORGIA FARM BUREAU CASUALTY INSURANCE COMPANY,

Plaintiffs-Appellants,

versus

GREAT AMERICAN EXCESS & SURPLUS INSURANCE CO.,
a.k.a. Agricultural Excess and Surplus Insurance Co., Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 18, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

In this case, Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm") sought to recover benefits under an insurance company's professional liability insurance policy ("ICPLI Policy") issued by Great American Excess and Surplus Insurance Company ("Great American"). In the district court, the parties filed cross-motions for summary judgment. The district court entered an order granting Great American's motion and entered a final judgment in Great American's favor. The district court based its grant of summary judgment on two specific exclusions found in Great American's Professional Liability Policy.

We review "*de novo* the district court's grant of summary judgment, applying the same legal standards as the district court, and viewing all facts and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000). Summary judgment is warranted if the evidence shows "that there is no genuine issue as to any fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

After reviewing the record, we agree with the district court that exclusions J. and N. are unambiguous. Those exclusions apply to loss "in connection with" a claim for breach of contract for benefits or coverage due under a Georgia Farm insurance policy. The claim for which Georgia Farm seeks coverage, the

Head/Hamlet action, was such a claim. It sought coverage under Georgia Farm's automobile insurance policies for diminished value. Accordingly, we conclude that the district court correctly ruled that exclusions J. and N. precluded coverage for any loss, including the settlement and defense costs, incurred in connection with the Head/Hamlet action. Moreover, we conclude that the district court's grant of summary judgment for Great American on the coverage question is dispositive of the question of bad faith. For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Great American.

**AFFIRMED.**